IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RONALD G. DANDAR ) | |
|       Petitioner, ) | C.A. No. 05-472 Johnstown |
|           v. ) | |
| ) | District Judge McLaughlin |
| DAVID GOOD, et al., ) | Magistrate Judge Baxter |
|       Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus filed by Petitioner Ronald G. Dandar, be denied and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner is a state prisoner currently incarcerated at the State Correctional Institution located in Cresson, Pennsylvania.  He is serving a judgment of sentence he received on August 31, 1983 for various fraud-related convictions and is serving or will serve a judgment of sentence issued February 6, 2004, following a probation revocation hearing.  He has filed a habeas petition pursuant to 28 U.S.C. § 2254.  [Document # 12].  In the petition, he challenges his February 6, 2004 judgment of sentence.  (Id. at ¶¶ 2-3,13).

Respondents submitted the relevant transcripts and portions of the state court record ("SCR") in hard-copy format on November 16, 2006.  Documents contained in the SCR are indexed as Items numbered 1 through 193.

### A.    Relevant Factual and Procedural History

Petitioner's case has a long and protracted history and he has filed numerous repetitive and frivolous lawsuits in state and federal court.  The entire procedural history of this case is not necessary to the court's analysis.  Accordingly, the court will limit itself to relevant events only.

1

On March 21, 1983, a jury empaneled by the Court of Common Pleas of Erie County convicted Petitioner at Criminal Docket Nos. 1462 through 1467 of 1982 of various crimes, including criminal attempt, unsworn falsifications, tampering with records, forgery, theft by deception, and criminal attempt at forgery. On August 31, 1983, the Honorable William E. Pfadt sentenced him to an aggregate period of incarceration of 15 to 30 years plus 30 years probation. (See 8/31/1983 Tr. at pp. 31-35). He received his probation sentences on the convictions at Criminal Docket Nos. 1465, 1466, and 1467 of 1982. (Id.)

Petitioner filed a direct appeal from his judgment of sentence to the Superior Court of Pennsylvania, and that court affirmed the lower court's judgment on December 13, 1985. The Pennsylvania Supreme Court denied allowance of appeal on June 12, 1989 and Petitioner did not seek *certiorari* in the United States Supreme Court. (See Commonwealth v. Dandar, No. 662 WDA 2004, slip op. at p. 2-4 (Pa.Super.Ct. Apr. 15, 2005) (located at SCR, Item 175))

Petitioner filed a series of state collateral appeals, all of which were denied. (See Dandar, No. 662 WDA 2004, slip op. at p. 2). On or around July 6, 2000, he filed a post-conviction motion pursuant to Pennsylvania's Post Conviction Relief Act ("PCRA"). While that PCRA motion was pending, the Pennsylvania Board of Probation and Parole (the "Board") granted Petitioner parole and he was released on or around November 7, 2000. The Common Pleas Court eventually denied the pending PCRA motion, and on or around May 1, 2001, the Superior Court affirmed on the basis that the motion had not been filed timely. Petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on February 4, 2002.

Next, on or around July 23, 2002, Petitioner (who was still on parole) filed with this court a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenged his August 31, 1983 judgment of sentence. (See Docket # 9 at ¶ 3 of Dandar v. Commonwealth, C.A. No. 02-222 (Erie) (W.D. Pa.)). On June 9, 2005, this Court issued a Report and Recommendation recommending that the petition be dismissed as untimely under the statute of limitations set forth in The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and that a certificate of appealability be denied. On July 27, 2005, the Honorable Sean J. McLaughlin adopted the Report and Recommendation as the Opinion of the Court, dismissed the petition, and denied a certificate

2

of appealability.

In the meantime, in November 2003, while Petitioner's habeas action before this court was pending, he was arrested as a technical parole violator. On January 8, 2004, the Board revoked his parole.

On February 5, 2004, the Honorable William R. Cunningham presided over a revocation hearing on the sentences of probation that Petitioner had received at Criminal Docket Nos. 1465 and 1467 of 1982. (2/5/2004 Tr. at p. 4).[1] At that hearing, Petitioner was informed that if Judge Cunningham revoked his probation and imposed any new sentences, he could appeal that judgment of sentence within 30 days "or you would lose your right to appeal the case." (Id. at p. 3). The next day, on February 6, 2004, Judge Cunningham informed Petitioner at the sentencing hearing that Petitioner was "one of the most dishonest people to ever appear in one of the courtrooms in Erie County, and I am convinced unless I incarcerate you for the maximum amount of time provided by law that you will continue to engage in the fraudulent criminal behavior which you have demonstrated now over several decades." (2/6/2004 Tr. at p. 17). Judge Cunningham then issued an order revoking the sentences of probation and sentencing Petitioner to substantial terms of imprisonment. (Id. at p. 17-19; SCR, Item 193).

In the instant petition, Petitioner is challenging that February 6, 2004 probation revocation sentence. (Docket # 12 at ¶¶ 2-3, ¶ 13). He did not, however, file post-sentence motions or a timely appeal in state court challenging that judgment of sentence. (See Commonwealth v. Dandar, No. 888 WDA 2005, slip. op. at p. 2 (Pa.Super.Ct. Jan. 6, 2006) (located at SCR, Item 179)).

The record demonstrates that, on or about January 5, 2004 – about a month before he received his probation revocation sentence – Petitioner had filed another PCRA motion. (See Dandar, No. 662 WDA 2004, slip. op. at p. 2). The PCRA court dismissed that motion as untimely on February 18, 2004. (Id.) Petitioner appealed and that appeal was docketed in the Superior Court at No. 662 WDA 2004. In its April 15, 2005, Memorandum Opinion affirming the denial of PCRA

---

[1] The probation issued at Criminal Docket No. 1466 of 1982 apparently had already expired. Id.

relief, the Superior Court noted that Petitioner had improperly raised claims regarding his February 6, 2004, judgment of sentence for the first time in his appeal of the denial of the January 2004 PCRA motion. (Id. at p. 2 n.1; see also Dandar, No. 888 WDA 2005, slip. op. at p. 2 n.2). The Superior Court held that claims challenging the February 6, 2004 judgment of sentence were not reviewable in that appeal, since Petitioner did not raise issues regarding that sentence in his January 2004 PCRA motion (nor could he have, as that judgment of sentence had not yet been issued when that PCRA motion was filed). (Id.)

In April 2005, Petitioner filed an appeal challenging the February 6, 2004 probation revocation judgment of sentence and that appeal was docketed at the Superior Court as No. 888 WDA 2005. (See Dandar, No. 888 WDA 2005, slip. op. at p. 2). Then, on December 7, 2005, the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal of the PCRA proceeding at Superior Court action No. 662 WDA 2004.

On or around December 27, 2005, Petitioner initiated this habeas corpus action challenging his February 6, 2004 probation revocation judgment of sentence. (Docket # 12 at ¶¶ 2-3, ¶ 13). Soon thereafter, on January 6, 2006, the Superior Court issued its decision in the appeal pending at No. 888 WDA 2005. The Superior Court held:

> [Petitioner] appeals from the judgment of sentence imposed following the revocation of probation.… We note that his judgment of sentence was entered on February 6, 2004. No post-sentence motions were filed, and so [Petitioner] had until March 8, 2004 to file a timely appeal. See Pa.R.A.P. 903, Pa.R.Crim.P. 720. [Petitioner] did not appeal from this order until April, 2005, more than a year after the judgment of sentence became final. The issue of timeliness of an appeal is jurisdictional in nature. Commonwealth v. Edrington, 780 A.2d 721, 725 (Pa.Super. 2001). The failure to file a timely notice of appeal divests this Court of jurisdiction. Id. This appeal is patently untimely and therefore beyond our review.

(Dandar, No. 888 WDA 2005, slip. op. at 2 (footnotes omitted)).[2] The Supreme Court of

---

[2] Importantly, the Superior Court noted that the PCRA court (in an opinion issued on June 9, 2004 and which is located at SCR, Item 167), erroneously stated that Petitioner had perfected a timely appeal to the Superior Court regarding his February 6, 2004 probation revocation sentence. (Dandar, No. 888 WDA 2005, slip. op. at p. 2 n.2). The Superior Court explained: "We note that the opinion of 6/9/04, which is appended to [Petitioner's] brief, states that it is written in response to [Petitioner's] appeal from his probation revocation. This is not the case; [the opinion] was written in response to an appeal from the dismissal of a PCRA petition which [Petitioner] filed on January 5, 2004, and was

(continued...)

Pennsylvania denied Petitioner's subsequent petition for allowance of appeal of that decision.

**B.     Exhaustion**

The doctrine of "exhaustion" requires a state prisoner to first present his federal constitutional claims to the state courts before raising those claims in federal habeas court.  28 U.S.C. § 2254(b)(1)(A); see e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843 (1999).  In Pennsylvania, this requirement typically means that a petitioner in a non-capital case must present every claim raised in his federal petition to both the Common Pleas Court and the Superior Court either on direct appeal or during PCRA proceedings.  See Lambert v. Blackwell, 387 F.3d 210, 233-34 (3d Cir. 2004).

In this instant petition, Petitioner presents his claims in a rambling, multi-paged, and largely incoherent manner that makes it difficult to determine the precise nature of his claims and whether those same claims were exhausted in the state court.  Nonetheless, Petitioner expressly states in his petition that he is challenging his February 6, 2004 judgment of sentence issued at the Court of Common Pleas Criminal Docket Nos. 1465 through 1467 of 1982.  (Docket # 12 at ¶¶ 2-3).  In addition, the state court record establishes that he challenged that same judgment of sentence on appeal in the action that was docketed at the Superior Court at No. 888 WDA 2005.  This court will assume, without deciding, that Petitioner is raising the same federal constitutional claims in the instant petition that he raised in that state court appeal and that the exhaustion requirement is satisfied.  This court shall make that assumption because even if Petitioner did exhaust the claims that he has raised in the instant petition, he still is not entitled to habeas relief, for the reasons set forth below.

---

²(...continued)
dismissed on February 18, 2004, twelve days after his probation revocation. [Petitioner] erroneously included issues regarding the probation revocation in his appeal from the dismissal of his PCRA petition, and the PCRA court addressed them in its opinion."  (Id.)  (The Superior Court had previously reviewed the denial of the January 2004 PCRA motion (and the PCRA court's June 9, 2004 opinion), and at that time the Superior Court expressly held that Petitioner improperly had raised claims with regard to his February 6, 2004 judgment of sentence in that PCRA appeal, and that those claims were not reviewable at that action.  (Dandar, No. 662 WDA 2004, slip op. at 2 n.1)).

5

**C.   Discussion**

     **1.   The Petition Is Barred By AEDPA's Statute Of Limitations**

Petitioner's probation revocation judgment of sentence became final on March 8, 2004. (See Dandar, No. 888 WDA 2005, slip. op. at p. 2); see also Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of time for seeking such review). AEDPA requires, with a few exceptions that are not applicable here, that a petition for writ of habeas corpus be filed within one year of the date a judgment of sentence becomes final. 28 U.S.C. § 2244(d)(1)(A). Accordingly, Petitioner had until on or about March 8, 2005 to file a timely federal habeas petition challenging his probation revocation judgment of sentence. He did not initiate the instant proceedings until, at the very earliest, December 2005. The petition is therefore time-barred.

AEDPA does provide that "properly filed" applications for state post-conviction relief that are pending during its limitations period will statutorily toll the limitations period. 28 U.S.C. § 2244(d)(2). The state court record submitted to this court reveals that there were no "properly filed" state post-conviction proceedings that would have statutorily tolled AEDPA's limitations period. The PCRA proceeding that Petitioner had filed on January 5, 2004 and which concluded on December 7, 2005 (when the Pennsylvania Supreme Court denied Petitioner's petition for allowance of appeal of Superior Court action No. 662 WDA 2004) did not toll the limitations period because the state court determined that that PCRA motion was untimely filed under the state statute of limitations. (See Dandar, No. 662 WDA 2004, slip. op. at 2); Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2).") Moreover, the federal habeas corpus petition that was pending in this court at Civil Action No. 02-222 did not statutorily toll the limitations period because tolling under 28 U.S.C. § 2244(d)(2) applies only to *state* petitions for post conviction relief. Duncan v. Walker, 533 U.S. 167, 181-82 (2001). Also, neither collateral proceeding was challenging his February 6, 2004 probation revocation judgment of sentence.

In addition to not being entitled to *statutory* tolling, a review of the state court record also

indicates that Petitioner is not entitled to the extraordinary remedy of *equitable* tolling. "Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." Miller v. New Jersey State Dept. of Corr., 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The Court of Appeals has cautioned that "courts should be sparing in their use of this doctrine, applying equitable tolling only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Lacava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005) (internal quotations, citations, and bracketed text omitted). A litigant seeking equitable tolling bears the burden of establishing two elements: (1) he has exercised reasonable diligence in attempting to investigate and bring his claims, and (2) he was in some extraordinary way prevented from bringing his claims. Lacava, 398 F.3d at 276-78; Pace, 544 U.S. at 418. Petitioner has not made either showing in this case.

In conclusion, based upon all of the foregoing, the record reveals that the instant petition for writ of habeas corpus was not timely filed in accordance with the directives of 28 U.S.C. § 2244(d) and it, therefore, should be denied.

### 2. Petitioner's Claims Are Also Procedurally Defaulted

The procedural default doctrine is "grounded in concerns of comity and federalism," and it bars habeas relief on a federal constitutional claim whenever the petitioner has failed to comply with a state's procedural rule when he raised that claim in state court. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). Here, the Superior Court determined that it did not have jurisdiction to review Petitioner's challenges to his February 6, 2004 probation revocation judgment of sentence because Petitioner failed comply with time requirements set forth in Rule 903 of the Pennsylvania Rules of Appellate Procedure and Rule 720 of the Pennsylvania Rules of Criminal Procedure. (Dandar, No. 888 WDA 2005, slip. op. at 2). Because the Superior Court denied Petitioner's challenges based upon state procedural rules, it must be determined if that decision precludes this court from addressing the merits of this petition under the procedural default doctrine.

Before a state procedural rule can act as a bar to relief in federal court the rule must be both "independent" of federal law and its application "adequate." See e.g., Coleman, 501 U.S. at 729-30.

7

Pennsylvania's Appellate Rule 903 and Criminal Rule 720 are "independent" of federal law.  And, the Superior Court's reliance upon these rules was "adequate."  A state court's reliance on a state procedural rule is "adequate" if the rule is "firmly established and regularly followed" at the time that the alleged procedural default occurred.[3]  Ford v. Georgia, 498 U.S. 411, 423-24 (1991) (quoting James v. Kentucky, 466 U.S. 341, 348-51 (1984)).  In this circumstance, the Superior Court's decision was "adequate," since Pennsylvania appellate courts consistently and regularly dismiss an appeal if the appeal was not filed in a timely manner.

A petitioner whose constitutional claims have not been addressed on the merits due to the failure to comply with a state procedural rule can overcome the default, thereby allowing federal court review, if he can demonstrate "cause" for the default, *i.e.,* that some objective factor "external to the defense" impeded efforts to comply with the state's procedural rule, and "actual prejudice." Coleman, 501 U.S. at 750; see also Murray v. Carrier, 477 U.S. 478, 488, 494 (1986).  A default of a claim may also be excused under the "fundamental miscarriage of justice" exception.  Under this exception, a procedural default may be excused if the petitioner presents evidence of "actual innocence" that is "so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error[.]"  Schlup v. Delo, 513 U.S. 298, 316 (1995).

Petitioner has not established "cause" for the default or "prejudice."  He also has not demonstrated a "fundamental miscarriage of justice," nor can he, as that doctrine ordinarily requires new and reliable physical, scientific, or eyewitness evidence that would persuade any rational juror that a petitioner could not have committed the crime for which he was convicted–a circumstance not applicable here.  House v. Bell, _ U.S. _, 126 S.Ct. 2064, 2076-78, 168 L.Ed. 2d 1 (2006); Hubbard v. Pinchak, 378 F.3d 333, 339-41 (3d Cir.2004).

Therefore, because Petitioner's claims challenging his February 6, 2004 judgment of

---

[3] "While the state rule should be applied 'evenhandedly to all similar claims,' state courts only need demonstrate that in the 'vast majority of cases,' the rule is applied in a consistent and regular manner."  Doctor v. Walters, 96 F.3d 675, 684 (3d Cir. 1996) (quoting Hathorn v. Lovorn, 457 U.S. 255, 263 (1982) and Dugger v. Adams, 489 U.S. 401, 410 n.6 (1989)).

sentence are procedurally defaulted, the instant petition should be denied for this reason as well.

### D. Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253 (as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition was untimely under AEDPA's statute of limitations and whether Petitioner's claims were also procedurally defaulted. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the instant petition for writ of habeas corpus be denied and that a certificate of appealability be denied.

In accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Dated: May 11, 2007                                    Chief U.S. Magistrate Judge